**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GERARDO GARCIA, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 17-cv-08509 |
| v. | ) | |
| | ) | |
| ILLINOIS COLLECTION SERVICE, INC., | ) | |
| | ) | Jury Demanded |
| DEFENDANT. | ) | |

## COMPLAINT

Plaintiff, Gerardo Garcia, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. §1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a concrete injury and harm to his reputation as a result of Defendant's sharing of false information regarding an alleged debt with a third party. *Sayles v. Advanced Recovery Systems, Inc.*, 2017 U.S. App. LEXIS 12080 *7 (5th Cir. July 6, 2017) ([Defendant's §1692e(8)] violation exposed [plaintiff] to a real risk of financial harm caused by an inaccurate credit rating); *see also, Bowse v. Portfolio Recovery Assocs., LLC*, 218 F.

Supp. 3d 745, 749 (N.D. Ill. 2016) ("Unlike an incorrect zip code, the 'bare procedural violation' in Spokeo, an inaccurate credit rating creates a substantial risk of harm.").

**PARTIES**

5. Plaintiff, Gerardo Garcia ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer medical debt allegedly owed to Radiology Imaging Specialists. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6. Defendant, Illinois Collection Services, Inc. ("ICS"), is an Illinois corporation. Its registered agent and office are John P. Cronin at 8231 185th Street, Tinley Park, Illinois 60487. (Exhibit A, Record from Illinois Secretary of State).

7. ICS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others and is licensed collection agency in the State of Illinois. (Exhibit B, Record from the Illinois Department of Financial and Professional Regulation).

8. ICS regularly collects or attempts to collect defaulted consumer debts owed or due another, and it is therefore it is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

**FACTUAL ALLEGATIONS**

9. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal or family purposes, originally for a Radiology Imaging Specialists medical debt ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

10. Due to his financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default.

11. In March 2017, ICS communicated credit information regarding the alleged debt to the Experian consumer reporting agency, including, the identity of the original creditor, and a balance. (Exhibit C, Excerpt of Plaintiff's Experian report).

12. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

13. ICS reported three separate tradelines for the alleged debt to Experian, including one for $77, one for $630, and one for $171. (Ex. C, Experian).

14. According to Plaintiff's credit report, all three tradlines were opened within one month of each other.

15. ICS was aware of the total amount of the alleged owed to Radiology Imaging Specialists.

16. Plaintiff is alleged to have owed only one debt to Radiology Imaging Specialists and ICS should have reported only one tradeline.

17. ICS misrepresented the debt when it reported multiple tradelines for one debt. *Rhone v. Med. Bus. Bureau, LLC*, No. 16 C 5215, 2017 WL 4875297, at *2 (N.D. Ill. Oct. 25, 2017) (*appeal filed)*.

18. ICS's decision to break the debt down into multiple duplicative tradelines was arbitrary, and caused harm to Plaintiff's credit.

19. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2) The false representation of—**
>
> **(A) the character, amount, or legal status of any debt. . .**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

20. ICS made a false, deceptive and misleading representation when it falsely represented that Plaintiff had failed to pay multiple medical debts, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8) and 1692e(10), when in fact it was only collecting one alleged debt.

21. By breaking the debt down into three separate tradelines on Plaintiff's credit report, Defendant materially lowered Plaintiff's credit score by suggesting he had failed to pay three separate debts.

22. ICS's practice would be akin to a credit card company listing one tradeline for every single charge made on a delinquent credit card, and is deceptive as a matter of law. *Rhone*, No. 16 C 5215, 2017 WL 4875297, at *2.

23. Any negative tradeline results in a significant drop in a consumer's credit score, *see Saunders v. Branch Banking and Trust Co. of VA*, and ICS's decision to report three negative tradelines for one debt magnifies that harm. 526 F. 3d 142, 146 (4th Cir. 2008).

24. Moreover, violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision-making process, are material. *See Lox v. CDA*, 689 F.3d 818, at 827. Here, ICS's misrepresentation that Plaintiff failed to pay three separate medical debts severely damages Plaintiff's credit score and could cause Plaintiff to prioritize the payment of the alleged debt over other debts, or to use exempt funds to pay the alleged debt, such as unemployment or social security benefits. A diminished credit score makes basic life necessities much more expensive for low-income consumers, including housing and transportation.

25. Plaintiff experienced negative emotions about Defendant's false communication to Experian, including annoyance, aggravation, and other garden variety emotional distress.

26. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I- FAIR DEBT COLLECTION PRACTICES ACT**

27. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

28. ICS made a false, deceptive and misleading representation when it falsely represented that Plaintiff had failed to pay multiple medical debts, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8) and 1692e(10), when in fact it was only collecting one alleged debt.

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in Plaintiff's favor and against Defendant as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D. Such other or further relief as the Court deems proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
Holly McCurdy
Sarah Barnes
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com